UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARTY R. DODSON, )
 )
    Plaintiff, )
 ) Case No. 1:12-cv-109
v. )
 ) Judge Curtis L. Collier
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

## **M E M O R A N D U M**

    Plaintiff Marty Ray Dodson ("Plaintiff") brought this action on April 3, 2012, seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382. The Court referred the matter to United States Magistrate Judge William B. Mitchell Carter, pursuant to 28 U.S.C. § 636(b) and in accordance with Fed. R. Civ. P. 72(b) for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for summary judgment (Court File No. 9) and Defendant's motion for summary judgment (Court File No. 11). The magistrate judge filed an R&R (Court File No. 13) recommending Plaintiff's motion for summary judgment be denied (Court File No. 9), Defendant's motion for summary judgment be granted (Court File No. 11), and the Commissioner's decision be affirmed. Plaintiff timely filed objections to the R&R (Court File No. 14), and Defendant responded (Court File No. 15). For the following reasons, the Court **ACCEPTS** and **ADOPTS** the magistrate judge's R&R (Court File No. 13).

**I.    STANDARD OF REVIEW**

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681.

If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999). If the ALJ's decision was not supported by substantial evidence, the Court should typically reverse and remand the case for further administrative proceedings. However, when "the proof of disability is overwhelming or . . . the proof of disability is strong and evidence to the contrary is lacking," the court may reverse the decision and award benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

2

## II. DISCUSSION[1]

Plaintiff has two main objections to the R&R. First, Plaintiff argues his anxiety is a severe impairment and that the ALJ's finding to the contrary is not harmless error like the magistrate judge concluded (Court File No. 14 at 2). Plaintiff contends the ALJ's failure to classify his anxiety as a severe limitation is reversible error because the ALJ did not then consider Plaintiff's anxiety in subsequent steps of the evaluation process (*id.* at 3-4). Second, Plaintiff objects to the Residual Functional Capacity ("RFC") assessment. Plaintiff argues the ALJ's failure to adopt Dr. O'Bryan's mental RFC assessment is not harmless error like the magistrate judge concluded. He further argues the ALJ improperly relied solely on the Vocational Analysis Worksheet rather than the vocational expert's testimony. The Court will address each argument in turn.

### A. Plaintiff's argument that the ALJ's determination that his anxiety was non-severe is reversible error

Plaintiff argues the ALJ erred when he did not designate Plaintiff's anxiety as a severe impairment. The magistrate judge determined this argument was unavailing because the ALJ found at least one severe impairment and considered both severe and non-severe impairments in the subsequent steps of the evaluation process. Relying on *Maziarz v. Sec'y of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) and *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008), the magistrate judge concluded the ALJ's failure to find a specific impairment severe is not reversible error when the ALJ finds other severe impairments. The magistrate judge noted the ALJ considered Plaintiff's anxiety in the subsequent steps of the sequential evaluation

---

[1] Because Plaintiff does not object to the magistrate judge's basic recitation of the facts, the Court will not repeat them here.

process, specifically in assessing Plaintiff's RFC at step four. At step four, the ALJ noted this mental impairment but found it caused only minor limitations. Therefore, according to the magistrate judge, the ALJ did not err at step two of the sequential evaluation process.

Plaintiff also objects to the conclusion that the ALJ's determination is harmless error. If an ALJ finds an impairment non-severe and does not consider the impairment in subsequent steps, specifically in step four in which the ALJ determines the claimant's RFC, there is reversible error. *See Mish v. Comm'r of Soc. Sec.*, No. 1:09-cv-753, 2011 WL 836750, at *2 (W.D. Mich. Mar. 4, 2011); *Stephens v. Astrue,* Civil Action No. 09-55-JBC, 2010 WL 1368891, at *2 (E.D. Ky. Mar. 31, 2010); *Jamison v. Comm'r of Soc. Sec.*, No. 1:07cv152, 2008 WL 2795740, at *8-9 (S.D. Ohio July 18, 2008); *Tuck v. Astrue*, Civil Action No. 1:07CV-00084-EHJ, 2008 WL 474411, at *3-4 (W.D. Ky. Feb. 19, 2008). Plaintiff contends the ALJ did not consider the non-severe impairment after determining it was non-severe.

After considering the parties' filings and reviewing the applicable law, this Court agrees with the magistrate judge's findings. Plaintiff is correct to note that failure to find a specific impairment severe becomes reversible error when the ALJ fails to consider the impairment at the subsequent steps of the analysis, specifically at step four. At step four, the ALJ determines the claimant's RFC and is to consider both severe and non-severe impairments. *McGlothin*, 299 F. App'x at 522. In this case, the ALJ determined that Plaintiff's mental impairment of anxiety is non-severe but found Plaintiff's low back pain secondary to degenerative disk disease is severe. The ALJ explained that Plaintiff's back pain was considered severe because it significantly limited Plaintiff's ability to perform basic work activities. On the other hand, the ALJ determined Plaintiff's anxiety was non-severe because it only minimally limited Plaintiff's ability to do work. The ALJ appropriately used

4

the four broad functional areas to guide his reasoning and concluded Plaintiff only has mild limitations.

At subsequent steps of the analysis, the ALJ considered both Plaintiff's chronic pain and his reported anxiety. For example, at step three, the ALJ noted he "specifically considered all listings applicable to the claimant's asserted impairments," indicating he considered all of Plaintiff's averred impairments (Tr. 14). More importantly at step four, the ALJ expressly discussed both the discomfort Plaintiff experienced from his severe back pain and Plaintiff's anxiety. Based on the medical evidence, the ALJ found that Plaintiff's anxiety caused only minor limitations. He concluded that Plaintiff has the RFC to perform the full range of medium work.

In contrast, in *Mish*, a case cited by Plaintiff, the ALJ failed to even mention Plaintiff's non-severe impairments beyond step two of the analysis. 2011 WL 836750, at *2. Similarly in *Stephens*, the court, in reversing and remanding the case, noted there was no explicit reference to the non-severe mental impairments at the fourth step of the decision where the ALJ determined the claimant's RFC. 2010 WL 1368891, at *2. This case is distinguishable from *Mish* and *Stephens*. Here, the ALJ explicitly considered both Plaintiff's severe back pain and non-severe anxiety in the RFC determination. In fact, the ALJ devoted approximately the same amount of attention to Plaintiff's chronic back pain and Plaintiff's anxiety. Because the ALJ expressly considered both Plaintiff's severe back pain and non-severe anxiety in subsequent steps of the analysis, the ALJ's failure to find Plaintiff's anxiety severe is harmless error.

### B. Plaintiff's objection to the RFC finding

Plaintiff objects to the ALJ's RFC finding. Specifically, Plaintiff first objects to the magistrate judge's conclusion that the ALJ's failure to adopt Dr. O'Bryan's mental RFC assessment

5

into his RFC finding is harmless error. Secondly, Plaintiff argues the ALJ's reliance on the Vocational Analysis Worksheet rather than the vocational expert's testimony was improper. The Court will address each of these arguments in turn.

The first issue is whether the ALJ's failure to adopt Dr. O'Bryan's mental RFC assessment into the RFC finding is harmless error. The magistrate judge reasoned that Dr. O'Bryan's mental RFC assessment is consistent with the ALJ's finding that Plaintiff could return to past relevant work as a truck driver. Therefore, the ALJ's failure to specifically adopt the assessment is harmless error.

The Court agrees with the magistrate judge's determination. While the ALJ did not expressly adopt Dr. O'Bryan's mental RFC assessment into his RFC finding, the ALJ "considered all symptoms," including both physical and mental limitations, as well as "all opinion evidence" in what appears to be a thorough RFC analysis (Tr. 14-15). Dr. O'Bryan, a reviewing physician, found that for the most part, Plaintiff had no significant limitations (Tr. 217-19). His mental RFC assessment indicated that Plaintiff could do detailed work; had limited but adequate concentration, persistence, and pace; and could adapt to moderate levels of stress and change (Tr. 219). Furthermore, Plaintiff did not even assert that any mental limitations had precluded his ability to return to past relevant work. The ALJ reported Plaintiff "asserts a general inability to work secondary to chronic low back pain and pain and tingling in all extremities" (Tr. 14).

It does not appear the ALJ's express adoption of Dr. O'Bryan's mental assessment would have changed the ALJ's analysis given that the ALJ did consider Plaintiff's mental limitations; that Plaintiff's mental limitations were not significant according to Dr. O'Bryan's assessment; and that Plaintiff did not even claim his mental limitations precluded his ability to return to past relevant work. As the magistrate judge noted in the R&R, where remand would be a mere formality, such

as to expressly adopt this particular assessment, the court is not required to order it. *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969); *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988). The Court, therefore, agrees that the ALJ's failure to adopt Dr. O'Bryan's mental RFC assessment into his RFC finding is harmless error.

Plaintiff also briefly notes that the expert's testimony that Plaintiff's past relevant work as a local truck driver was a medium *unskilled* job was incorrect. According to Plaintiff, all of the truck driver occupations listed in the Dictionary of Occupational Titles ("DOT") are semi-skilled jobs. According to the DOT, the designation of occupations as skilled, semi-skilled, or unskilled was eliminated in 1965. 1991 WL 645964. Plaintiff indicated he has past relevant work as a dump truck driver (Tr. 131), an occupation with a Specific Vocational Preparation ("SVP") level of 2. Generally, jobs with SVP ratings of 1 or 2 are considered unskilled. Therefore, based on information given by Plaintiff about his job experience and the DOT, the expert's testimony was correct.

The final issue raised by Plaintiff in his objections is whether the ALJ's reliance on the Vocational Analysis Worksheet rather than the vocational expert's testimony was improper. Plaintiff's argument ignores the ALJ's express description of Plaintiff's past work as a "local truck driver" and classification of such work as unskilled, both of which were taken from the vocational expert's testimony. This information was not available on the worksheet (Compare Tr. 28 with Tr. 141-43). It is clear then that the ALJ did not rely solely on the worksheet without considering the testimony. Instead, as Defendant argues, the ALJ merely cited the worksheet along with the DOT as further support.

Defendant also correctly points out that an ALJ is not required to obtain vocational expert

testimony before deciding whether a claimant can do past relevant work. *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997) (disagreeing with claimant's argument that the ALJ was required to obtain testimony of a vocational expert before reaching the conclusion that claimant's RFC allowed claimant to return to past relevant work). Hence, even if the ALJ had not considered the vocational expert's testimony in reaching his decision, there still would not have been reversible error.

## III. CONCLUSION

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 13). The Court will **DENY** Plaintiff's motion for summary judgment (Court File No. 9), **GRANT** Defendant's motion for summary judgment (Court File No. 11), and **AFFIRM** the Commissioner's decision.

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**